[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 21-10879
Non-Argument Calendar
_____

D.C. Docket No. 3:20-cv-01272-TJC-JRK

EDWARD J. RUTLAND, SR.,

                                                                                       Plaintiff - Appellant,

versus

RUSSELL M. NELSON,
President of Church of Jesus Christ of Latter Day Saints,

                                                                                       Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2021)

Before JILL PRYOR, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Edward J. Rutland, Sr., proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint against Russell Nelson, President of The Church of Jesus Christ of Latter Day Saints ("LDS Church"), for lack of subject matter jurisdiction. We affirm.

This case arises out of a series of disciplinary actions the LDS Church took against Rutland, a church member. According to Rutland's complaint and attachments thereto, in 2013 the LDS Church's "disciplinary council" placed Rutland on "disfellowshipment for conduct contrary to the laws and order of the Church." Doc. 1-1 at 22.[1] Rutland appealed the decision through the LDS Church's disciplinary review structure, and ultimately the disfellowshipment was upheld. In 2015, the LDS Church released Rutland from disfellowshipment. In 2018, however, the LDS Church again disciplined Rutland, allegedly for "[s]inging [t]oo [l]oud" and "answering too many questions." *Id.* at 4. The LDS Church placed Rutland "on unconditional probation," and as a result he was not permitted to enter any LDS Church property or contact any church leaders. *Id.* at 16. In his complaint, Rutland alleged that the LDS Church's actions were discriminatory based on his disability, veteran status, and religion.

The district court *sua sponte* dismissed Rutland's complaint without prejudice for lack of subject matter jurisdiction. The court found that Rutland's

---

[1] "Doc." numbers refer to the district court's docket entries.

2

allegations against the LDS Church stemmed from its disciplinary actions against him, and so the "case ask[ed] the [c]ourt to answer questions of internal church governance" in contravention of the First and Fourteenth Amendments to the United States Constitution. Doc. 5 at 2. The court further concluded that no amendment to the complaint would "cure this problem." *Id.* Rutland appealed.

On appeal, Rutland appears to argue that the district court had subject matter jurisdiction to entertain his complaint because the LDS Church, as an organization that accepts resources from the government, is subject to the laws of the United States. We review *de novo* the dismissal of a complaint for lack of jurisdiction and related factual findings for clear error. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).[2]

Civil courts lack jurisdiction to entertain disputes involving church doctrine and polity. *See Crowder v. S. Baptist Convention*, 828 F.2d 718, 727 (11th Cir. 1987). Under this ecclesiastical abstention doctrine, civil courts must accept as

---

[2] Although we read briefs by *pro se* litigants liberally, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Rutland's only mention of the district court's jurisdictional ruling is in a single sentence at the outset of his brief arguing that the LDS Church is subject to the laws of the United States because it accepts resources from the government. Because he addressed it in such a perfunctory manner, Rutland arguably has abandoned any challenge to the district court's ruling. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (An appellant abandons a claim when: (a) he makes only passing references to it, (b) he raises it in a perfunctory manner without supporting arguments and authority, (c) he refers to it only in the "statement of the case" or "summary of the argument," (d) the references to the issue are mere background to the appellant's main arguments or are buried within those arguments). In an abundance of caution, and since he is *pro se*, we address the merits of Rutland's challenge to the extent we can discern it.

binding the decisions of religious organizations regarding the governance and discipline of their members. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 724–25 (1976) (holding that civil courts could not review a church's disciplinary decision regarding one of its members). Under a narrow exception to this doctrine, however, civil courts may still review church disputes under neutral principles if the dispute does not require consideration of religious doctrinal matters. *Jones v. Wolf*, 443 U.S. 595, 602–03 (1979).

The district court correctly determined it lacked jurisdiction to entertain Rutland's complaint. The subject matter of his dispute was purely ecclesiastical in character and necessarily would require consideration of doctrinal matters. There is no exception to the abstention doctrine based on a church receiving resources from the government. Thus, the district court did not err in dismissing the complaint.[3]

**AFFIRMED.**

---

[3] Rutland's motion for appointment of counsel is DENIED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 26, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10879-HH
Case Style: Edward Rutland v. Russell Nelson
District Court Docket No: 3:20-cv-01272-TJC-JRK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher

<u>Bergquist, HH</u> at <u>404-335-6169</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

                                                     OPIN-1 Ntc of Issuance of Opinion